M. W. STERNE ET AL. v. BAY STATE MILLING COMPANY.

(Filed 19 November, 1919.)

1. **Vendor and Purchaser—Contracts—Extension of Time—Burden of Proof.**
   The burden of proof is upon the buyer to show that the seller granted him an extension of time he claims beyond that specified in his contract of purchase, in his action against the seller to recover damages for the defendant's breach thereof.

2. **Same—Evidence—Cancellation of Contract.**
   Three carloads of flour were sold upon condition that they were to be ordered out by the purchaser within 30 days, unless a different date should be thereafter agreed upon, with carrying charges of 5 cents a barrel, if not ordered out on contract time, payable at the beginning of each period, and if goods were not ordered out, or on failure of purchaser on demand to pay carrying charges, the seller could terminate the contract and resell the goods for purchaser's account. After several months the seller wrote the purchaser asking for shipping instructions, suggesting future dates for shipment, and finally wired that unless shipping dates were wired within a specified time, with settlement of carrying charges, he would consider the order canceled. The buyer gave no reply to any of these letters. *Held*, no evidence of an extension of time granted by the letters under the terms of the contract, and the failure to answer the telegram was an implied consent to the cancellation of the contract.

APPEAL by defendant from *Lane, J.*, at May Term, 1919, of GUILFORD.

This is an action to recover damages for the failure and refusal of the defendant to ship flour according to contract.

On 14 June, 1915, the plaintiffs purchased from the defendant, for their bakery, one carload of flour (210 barrels), and in November, 1915, again bought two carloads, of 210 barrels each.

On 29 July, 1916, defendant wired the plaintiff, "Unless you authorize by wire today, permission to ship by 15 August remaining three cars of flour on books for you, with full carrying charges added, we will understand you prefer order canceled. Impossible to carry beyond 15 August."

Between 29 July, 1916, and 7 August, defendant sold the three carloads in question, and the plaintiff brings this action.to recover the loss which they allege accrued by their having to purchase flour at a higher rate at that time. Verdict and judgment for plaintiff. Appeal by defendant.

*T. C. Hoyle and King & Kimball for plaintiffs.*
*Jerome & Scales for defendant.*

CLARK, C. J. The letters and telegrams constituting the correspondence between the parties are in evidence. Under the contract of purchase of the carload, 14 June, 1915, it was to be delivered prior to 1 January, 1916, and the two carloads bought 22 November, 1915, were to be shipped prior to 1 July, 1916. Both these contracts contained the following provision: "Unless otherwise specified herein, goods are to be ordered out within 30 days from this date. Buyer to pay carrying charges of 5 cents a barrel on flour, and 25 cents a ton on feed for each period of 30 days, or fraction thereof, on goods not ordered out within contract time, payable at beginning of each period; also, all advances in freight after contract shipment time. At the end of contract shipment time, or of any succeeding thirty-day period, or other agreed time, unless goods are ordered out, or on failure of buyer on demand to pay carrying charges, seller may terminate contract and resell goods for buyer's account. No verbal condition or modification is valid.·

M. W. STERNE & SON, Buyer,
By G. D. Sterne.
C. F. RUST, Agent for Seller."

The plaintiffs allege an extension of time by agreement to certain dates specified in the complaint. The burden was upon the plaintiffs to prove such agreement. The defendant wrote the plaintiffs on 15 May, 1916; 27 May, 1916, and 19 July, 1916, asking for shipping instructions, and suggesting certain dates and asking if they would be satisfactory to the plaintiffs. The plaintiffs made no reply to these letters, and on 29 July, 1916, the defendant wired the plaintiffs as follows: "Unless you authorize by wire today permission to ship by 15 August, remaining three cars flour on books for you, with full carrying charges added, we

will understand you prefer order canceled. Impossible carry beyond 15 August."

The plaintiffs made no reply to this telegram. The plaintiffs content themselves with the proposition that the defendant, having named shipping dates, they had, by their silence, given consent thereto. Strangely enough, they do not hold that the same rule, if valid, would apply to the telegram of defendant of 29 July, 1916, to which they made no reply, and by the same rule consented to the cancellation of the order.

The plaintiffs testified: "We have never paid or tendered any carrying charges for the cars of flour in suit." They also testified: "We did not reply to the letters of 16 and 27 May, 1916, or 19 July." This was an offer needing acceptance. While the plaintiffs admit they received the wire canceling the order unless replied to, they did not answer it. Upon the whole correspondence there was no evidence that the time of shipment was extended by agreement. The offer of 27 May, and 19 July, before acceptance was withdrawn by telegram of 29 July. Besides the failure to meet the demand in that telegram, for payment "of full carrying charges" authorized defendant by the terms of the contract to cancel.

Even if the time of shipment had been extended by agreement the plaintiff's failure to give shipping directions was fatal. *Hughes v. Knott*, 138 N. C., 105. We agree with the defendant's contention that it "could not be required to take the risk of shipping without instructions, because the plaintiff might have required that the point of destination be other than Greensboro. The plaintiffs might have resold the flour or have desired it shipped to other points."

If the plaintiffs' failure to answer the defendant's letters of 15 and 27 May, and 19 July was an acceptance of the dates of shipment therein proposed their failure to answer the telegram of 29 July, "with remittance of full carrying charges added," was equally an acceptance of the condition that the contracts would be canceled unless reply was made that day with remittance demanded.

The motion for nonsuit should have been allowed.

Reversed.